WO                    **UNITED STATES DISTRICT COURT**
                      **DISTRICT OF ARIZONA – FLAGSTAFF**

United States of America
                v.                          Case Number: 19-04077MJ
Marshall Pendergrass

**ORDER OF DETENTION PENDING TRIAL**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I have considered all the factors set forth in 18 U.S.C. § 3142(g). I conclude that the following facts are established: *(Check one or both, as applicable.)*

☒ by clear and convincing evidence the defendant is a danger to the community and detention of the defendant is required pending trial in this case.

☒ by a preponderance of the evidence the defendant is a flight risk and detention of the defendant is required pending trial in this case.

**PART I – FINDINGS OF FACT**

☐ (1) There is probable cause to believe that the defendant has committed

    ☐ a drug offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. §§ 801 et seq., 951 et seq., or 46 U.S.C. App. § 1901 et seq.

    ☐ an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332(b).

    ☐ an offense listed in 18 U.S.C. § 2332b(g)(5)(B) (Federal crimes of terrorism) for which a maximum term of imprisonment of ten years or more is prescribed.

    ☐ an offense involving a minor victim prescribed in <span style="color:red">Choose an item from the list.</span>.

    ☐ an offense for which a maximum term of imprisonment of 20 years or more is prescribed pursuant to 18 U.S.C. §§ 1581-1584, 1589-1591 (Slavery and Sex Trafficking).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community or any person.

**Alternative Findings**

☐ (1) There is a serious risk that the defendant will flee; no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

☐ (2) No condition or combination of conditions will reasonably assure the safety of others and the community.

☐ (3) There is a serious risk that the defendant will obstruct or attempt to obstruct justice; or threaten, injure, or intimidate a prospective witness or juror.

☐ (4) <span style="color:red">Click here to enter text.</span>

## PART II – WRITTEN STATEMENT OF REASONS FOR DETENTION
*(Check as applicable.)*

☒ (1) I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence as to danger that:

Defendant communicated with children who were unrelated to him directly via social media messaging, told the children to meet him without their phones, effectively eliminating their ability to communicate or to have their location tracked, took them out of state without their parent's knowledge and without indicia of appropriate travel (the children did not have clothing, toiletries, etc.), deceived the children as to their location and destination, did not tell anyone, including his wife, that he had the children in his truck. Despite learning through social media that the parents were concerned about the missing children the defendant did not contact via phone, text or any available message methods the parents or law enforcement about the location or condition of children nor did he return the children home. The children were aware that the defendant had at least one firearm in his truck. The children were physically restrained with ties and tape for a portion of their time in his truck. When Arizona law enforcement located the defendant's truck and asked to search, he refused this request despite knowing the children were known to be missing from home and were in his truck. One of the children stuck a foot out so that law enforcement knew they were in his truck, which is how the children were located. The defendant's motive for taking the children is unknown but was not for reasons that were in the children's interest. Defendant expressed frustration with one of the children for an event which occurred some time ago which indicates that the children would be at risk if he is released. Victim's father also expressed reasonable concerns that the defendant is a danger to his children and others.

☒ (2) I find by a preponderance of the evidence as to risk of flight that:

   ☒ The defendant has no significant contacts in the District of Arizona.

   ☐ The defendant has insufficient resources in the United States from which he/she might make a bond reasonably calculated to assure his/her future appearance.

   ☐ The defendant has a prior criminal history.

   ☐ There is a record of prior failure(s) to appear in court as ordered.

   ☐ The defendant attempted to evade law enforcement contact by fleeing from law enforcement.

   ☐ The defendant has a history of substance abuse.

   ☐ The defendant is facing a minimum mandatory of <u>any</u> incarceration and a maximum of Click here to enter text..

   ☐ The defendant has ties to a foreign country.

   ☐ The defendant has used aliases or multiple dates of birth or false identifying information.

   ☐ The defendant was on probation, parole, or supervised release at the time of the alleged offense.

☒   In addition: <u>Defendant owns operates a professional truck which takes him all over the country so he has knowledge and opportunity to relocate to avoid prosecution. The charges are sufficiently serious to motivate a person to flee.</u>

☐ (3) The defendant does not dispute the information contained in the Pretrial Services Report, except:

Click here to enter text.

☐ (4) The weight of the evidence against the defendant is great.

<u>The children were located by law enforcement and then separated for medical care and forensic interviews. Their</u>

The Court incorporates by reference the findings in the Pretrial Services Report which were reviewed by the Court at the time of the hearing in this matter.

## PART III – DIRECTIONS REGARDING DETENTION

The defendant is committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

## PART IV – APPEALS AND THIRD PARTY RELEASE

IT IS ORDERED that should an appeal of this detention order be filed with the District Court, it is counsel's responsibility to deliver a copy of the motion for review/reconsideration to Pretrial Services at least one day prior to the hearing set before the District Court.

IT IS FURTHER ORDERED that if a release to a third party is to be considered, it is counsel's responsibility to notify Pretrial Services sufficiently in advance of the hearing before the Court to allow Pretrial Services an opportunity to interview and investigate the potential third party custodian.

Dated this 22nd day of March, 2019.

Camille D. Bibles
United States Magistrate Judge